[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15284
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00111-LC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN IMES, III,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(October 30, 2013)

Before DUBINA, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Steven Imes, III, appeals his 78-month total sentence, imposed by

the district court after he was convicted on all counts of a six-count indictment

charging mail fraud, conspiracy to commit mail fraud, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1341, 1342, 1349, and 1956(a)(1), respectively.

After two days of trial, Imes failed to appear in court on days three and four. On each of those days, he went to a hospital complaining of chest pains, but was discharged shortly after his arrival because his diagnostic test results were normal. The trial resumed on day five of the proceedings, and the jury rendered its verdict. Imes's convictions stemmed from a real estate scheme in which he and an associate fraudulently obtained—and intentionally defaulted on—over $3.5 million dollars in mortgage loans. Four banks were victims of the scheme, and they suffered a total loss of $2,133,288.27.

Based on Imes's failures to appear, the probation officer applied a two-level obstruction of justice enhancement to his offense level in the Presentence Investigation Report. Imes objected to the enhancement. At sentencing, the district court overruled the objection, but stated that it would have imposed the same 78-month total sentence regardless of the enhancement.

On appeal, Imes argues (1) that the court erred in applying the obstruction of justice enhancement, and (2) the error was not harmless because he would have received a lower total sentence based on the 57- to 71-month guideline range that would have applied but for the enhancement.

In *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006), we held that where a sentencing court imposes a sentence over a party's objection to a Guidelines calculation, and states it would impose the same sentence regardless of the contested calculation, we need only review the sentence for reasonableness. *Id.* at 1348–50.  Under a *Keene* analysis, we assess the reasonableness of a sentence assuming the same conduct and other factors in the case, but using the advisory range that would have applied absent the contested calculation.  *Id.* at 1349–50.

A sentence is substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a), including the need for just punishment and deterrence.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  The weight given to any specific § 3553(a) factor is generally committed to the sound discretion of the district court, and the burden is on the defendant to prove that his sentence is unreasonable.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  If a sentence is reasonable, then any alleged calculation error was harmless, and we will not remand for resentencing.  *Keene*, 470 F.3d at 1348–50.

Upon review of the record and consideration of the parties' briefs, we affirm.

We do not need to address whether the district court properly applied the obstruction enhancement because the court unequivocally stated that it would have imposed the 78-month total sentence irrespective of the enhancement. *Keene*, 470 F.3d at 1349–50. The statement also renders moot Imes's assertion that he would have received a lower total sentence, but for the enhancement. Accordingly, we will review the sentences for reasonableness, in light of the 57- to 71-month advisory range that would have resulted but for the obstruction enhancement.

We conclude from the record that Imes's 78-month total sentence is reasonable. The district court considered the § 3553(a) factors and determined that the sentence appropriately punished Imes for his conduct and would deter others from committing similar crimes. Imes fails to identify any evidence showing that the court abused its discretion in making that determination. Rather, the impact and magnitude of his crimes support the sentence: he defrauded multiple victims and his scheme caused millions of dollars in loss. Further, the total sentence is only slightly above the high end of the relevant Guidelines range and is well below the 20- and 30-year statutory maximum penalties for his offenses. *See Gonzalez*, 550 F.3d at 1324. Because the total sentence was reasonable, any error concerning the enhancement was harmless. Accordingly, we affirm Imes's sentence.

4

**AFFIRMED.**